UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| DONALD B. ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-00211-SEB-DML |
| | ) | |
| O'NIEL Officer, | ) | |
| MAY Officer, | ) | |
| MYERS Officer, | ) | |
| HAUB Officer, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Motion for Summary Judgment**

Plaintiff Donald Roberts brings this action pursuant to 28 U.S.C. § 1983 alleging that when he was in custody at the Floyd County Jail, defendants Officer Haub used excessive force to shove him into his cell in view of defendants Officers O'Neil, May, and Myers.[1] The defendants move for summary judgment arguing that Mr. Roberts failed to exhaust his available administrative remedies for these claims before he filed this lawsuit. Mr. Roberts has not responded.[2] For the following reasons, the motion for summary judgment, dkt. [20], is **granted**.

**I. Standard of Review**

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is

---

[1] Defendants May and Myers were identified by Mr. Roberts as Mayes and Ayres.
[2] The Court notes that mail sent from the Court to Mr. Roberts has been returned as undeliverable, apparently because the address he provided to the Court is no longer correct. But it is Mr. Roberts's responsibility to keep the Court and the defendants informed of an address at which he can be reached. His failure to do so does not excuse his lack of response to the motion for summary judgment.

entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490. Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.,* 242 F.3d 713, 723 (7th Cir. 2001).

Mr. Roberts failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission"); *Brasic v. Heinemanns, Inc.*, 121 F.3d 281, 285-286 (7th Cir. 1997) (affirming grant of summary judgment where the nonmovant failed to properly offer evidence disputing the movant's version of the facts). *see* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the summary judgment standard, but it does "reduce the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

## II. Facts

Mr. Roberts alleges in the Complaint that defendant Haub shoved him into a cell door while he was an inmate at the Floyd County Jail and that defendants O'Neil, May, and Myers were present when this incident occurred.

Captain David Furman is the commander of the Jail and is employed by the Floyd County Sheriff's Office, Corrections Division. He has knowledge of the grievance procedures used at the Jail. The procedures governing inmate grievances are set forth in the Inmate Rules and Regulations of the Floyd County, Indiana Jail and in an Inmate Grievance Policy. The Inmate Rules and Regulations and the Grievance Policy were in effect during Mr. Roberts' incarceration at the Jail.

Inmates are permitted to file grievances about any aspect of institutional life, including the actions of corrections officers. However, a grievance is required to be "specific in its description of the complaint or problem."

Mr. Roberts was familiar with the inmate grievance procedure at the Jail and had filed four grievances during September 2017, the month in which the incident allegedly occurred. However, none of the grievances Mr. Roberts filed pertained to the incident alleged in his Complaint. Captain Furman has searched for and been unable to locate any records at the County Jail showing that Mr. Roberts had exhausted his administrative remedies with respect to his concerns raised in this case before he filed it.

## III. Discussion

The defendants argue that Mr. Roberts failed to exhaust his available administrative remedies as required by the PLRA with respect to his claims against them.

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). The PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741, n.6 (2001); *McCarthy v. Madigan,* 503 U.S. 140, 112 S. Ct. 1081 (1992) ("Where Congress specifically mandates, exhaustion is required.").

The defendants have shown that Mr. Roberts did not exhaust available administrative remedies before filing this civil action. Because Mr. Roberts did not respond to the motion for summary judgment, he failed to dispute this conclusion.

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Roberts's action should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## IV. Conclusion

The defendants' motion for summary judgment, dkt. [20], is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/14/2018

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DONALD B. ROBERTS
2788
Harrison County Jail
1445 Gardner Lane
Corydon, IN 47112

Stephen C. Keller
SCHILLER BARNES & MALONEY, PLLC
skeller@sbmkylaw.com